# UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
John Joseph Moakley U.S. Courthouse
1 Courthouse Way | Suite 2300 | Boston MA 02210

---

Marc Nicholaus Bernhardt, Plaintiff

v.

Dan Ellis, Jen Sweeney, James Klotz, TD Bank, Kelly Noyes (deceased), John Doe(s) 1-5, and Jane Doe(s) 1-5, Defendants

Case No. 1:25-cv-12969-RGS

---

NOTICE OF INDIGENCY AND SUPPLEMENTAL STATEMENT OF FACTS

WITH REQUEST FOR EMERGENCY RELIEF

To the Honorable Court:

I, Marc Nicholaus Bernhardt, respectfully notify the Court that I am indigent and unable to pay any court fees or service costs. I have no employment income, savings, or assets, and I rely on public assistance and temporary shelter while pursuing disability benefits. I request that this matter continue in forma pauperis and that all costs of service be handled by the U.S. Marshal.

---

### Background and Pattern of Retaliation

After my release from the Middleton House of Correction, I was placed on probation under Officer Jen Sweeney and required to attend the Intimate Partners Program directed by Dan Ellis. During this period I experienced retaliation, coercion, and humiliation directly connected to false restraining orders filed by Kelly Noyes in Peabody District Court.

I sought protective relief in Lynn District Court to defend myself and my elderly father, Nicholas Bernhardt, but the clerk of that court improperly contacted Ms. Noyes and disclosed my filings—contrary to established 209A procedures—compromising my safety and due process.

I also sought a 209A protective order in Peabody District Court to regain access to my father and move him back into his VA-approved HUD-VASH apartment but was obstructed by court staff, probation, and program officials acting in coordination. The Peabody District Court failed to process my filings fairly and appeared to allow evidence tampering within the restraining-order proceedings.

While this was happening, Ms. Noyes and a VA-contracted caregiver named Dexter (last name unknown) from HomeWell Care Services took control of my father's finances and housing. My valid Power of Attorney, recognized by the Department of Veterans Affairs, was ignored. TD Bank refused to honor that POA, allowing Ms. Noyes to reroute my father's pension and maintain exclusive control of his funds.

These acts were compounded by discrimination and retaliation from the VA/HUD-VASH program, which blocked my efforts to restore my father's housing despite full eligibility and documentation.

My original private attorney James Klotz, later appointed by the court, withdrew effective representation, aligned himself with Ms. Noyes, and failed to protect my constitutional and property rights. Attorney Chris Norris later represented me during a probation violation proceeding, which was ultimately withdrawn, but by that point the damage was done—emotional trauma, reputational harm, and continued loss of control over my father's affairs.

---

## Ongoing Harm

I remain under psychological distress and financial hardship caused by these coordinated actions between probation officials, court clerks, VA/HUD-VASH staff, and private parties. They collectively obstructed my lawful authority as POA, violated my ADA and constitutional rights, and deprived me of equal access to justice and federal protections.

---

## Request for Emergency Relief

Pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 65, I respectfully request that the Court:

1. Recognize my indigent status and continue this case *in forma pauperis*;

2. Direct the U.S. Marshal to serve all named defendants;

3. Issue temporary injunctive relief suspending any further probation violation action or disciplinary recommendation until independent federal review is complete; and

4. Acknowledge that ongoing interference by state and VA-contracted entities has placed me under continuing threat and hardship.

---

## AMENDED STATEMENT OF PARTIES AND NOTICE TO PROBATION AND IPP

### Purpose

This filing adds unnamed parties ("John Doe" and "Jane Doe") who acted under color of state law within Essex County Probation and the Intimate Partners Program (IPP) and formally places those entities on notice of alleged retaliation and discrimination under 42 U.S.C. § 1983 and the ADA.

### Scope of Notice

This Notice applies to:

- Dan Ellis — IPP Director

- Jen Sweeney — Probation Officer

- John/Jane Doe Supervisors — Probation Administration, Essex County

- John/Jane Doe Facilitators — IPP Staff or Partner Agencies

- John/Jane Doe Oversight Officials — State employees or contractors with knowledge of the retaliatory acts described.

The Plaintiff believes these individuals engaged in a coordinated pattern of psychological pressure, harassment, and discriminatory treatment during probation and IPP supervision, causing severe emotional and financial harm and interfering with his care of his late father.

### Notice of Preservation & Non-Interference

The Plaintiff requests that the Court enter an interim order preserving the status quo by directing Essex County Probation and the Intimate Partners Program to refrain from initiating or recommending any further violation proceedings, testing, or disciplinary actions until independent federal review is completed. This relief is necessary to prevent additional harm,

protect the integrity of this proceeding, and allow the Plaintiff time to compile a complete timeline of events involving Probation, IPP, HUD-VASH, TD Bank, and related actors.

———

**VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge and belief.

Executed on October 15 2025, in Salisbury, Massachusetts.

*[signature]*
Marc Nicholaus Bernhardt
44 Bridge Road | Salisbury MA 01952
Phone 978-880-0302 | marcnbernhardt@gmail.com