UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12969-RGS

MARC NICHOLAUS BERNHARDT

v.

DAN ELLIS, Inmate Partner Program; JEN SWEENEY, Probation Officer; JAMES KLOTZ; TD BANK; KELLY NOYES; and JOHN/JANE DOE(S) 1-5

MEMORANDUM AND ORDER

November 5, 2025

STEARNS, D.J.

For the reasons stated below, plaintiff request for leave to proceed *in forma pauperis* is GRANTED and his motion for emergency relief is DENIED. If plaintiff wishes to proceed with this action, the court grants him time to file a second amended complaint.

BACKGROUND

On October 10, 2025, Marc Nicholaus Bernhardt, a resident of Salisbury, Massachusetts, filed his self-prepared "civil rights complaint and emergency motion for injunctive relief." [ECF No. 1]. The action is brought pursuant to 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132. [*Id.* at 2]. Named as defendants are his Essex County Probation Officer, the program director of the Intimate Partner Program and five unknown defendants identified as John/Jane Does 1-5. [*Id.*]. Bernhardt states that he is a "former criminal defendant now on probation,

diagnosed with PTSD, anxiety, and cognitive impairments. [*Id.* at 1]. He states that after successfully challenging a probation violation, the "Defendants initiated new retaliatory actions" including the threat of jail if he fails to enroll in the Intimate Partner Program. [*Id.* at 2]. In addition, he states that the "new violation coincides with Plaintiff's formal FBI Civil Rights and VA OIG complaints." [*Id.*]. Plaintiff sought to vacate the restraining order his ex-wife has against him. [*Id.* at 3]. Among other things, Bernhardt seeks to have this court "enjoin any new probation-violation proceedings" and issue a "Temporary Restraining Order (TRO) preventing Defendants from arresting, detaining, or punishing Plaintiff pending review." [*Id.* at 2].

On October 21, 2025, Bernhardt filed a Notice of Indigency and Supplement Statement of Facts [ECF No. 3], a Motion for Emergency Relief [ECF No. 4], and an Amended Statement that was entered on the docket as an Amended Complaint [ECF No. 5]. In the Amended Statement, Bernhardt seeks to add as defendants attorney James Klotz, TD Bank and Kelly Noyes. [ECF No. 5]. Plaintiff states in the Notice of Indigency and Supplemental Statement of Facts that the state court "improperly contacted Ms. Noyes and disclosed [Bernhardt's] filings." [ECF No. 3 at 1]. In addition, Bernhardt states that "TD Bank refused to honor [his father's Power of Attorney],

allowing Ms. Noyes to reroute [Bernhardt's] father's pension and maintain exclusive control of his funds." [*Id.*].

NOTICE OF INDIGENCY

After review of Bernhardt's Notice of Indigency [ECF No. 3], the court concludes that he is without assets to pay the filing fee and ALLOWS his request for leave to proceed *in forma pauperis*.

PLAINTIFF'S REQUEST FOR EMERGENCY RELIEF

Plaintiff seeks, among other things, to have this court "[i]ssue an injunction preventing any further adverse, retaliatory, or coercive actions by probation officials or Intimate Partners Program (IPP) staff, including but not limited to: initiation of new alleged violations; referrals or recommendations to the court; any form of punitive or reputational action; pending an independent federal oversight investigation." [ECF 4 at 1].

Federal Rule of Civil Procedure authorizes a court to issue a temporary restraining order without notice to the adverse party where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The court finds Bernhardt has failed to meet the standard for obtaining such injunctive relief.

Here, Bernhardt has failed to provide notice to defendants as there is no certification in writing of any effort made to provide at least informal notice and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ. P. 65(b). Additionally, the request is not supported with a separate memorandum of reasons, *see* Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."), and therefore does not address the legal requirements for a preliminary injunction.

Finally, other than speculating as to the timing of a probation violation, he offers no factual allegations to suggest that such violation was in retaliation for his protected activities. The allegations are insufficient as he failed to provide any factual detail.

PRELIMINARY REVIEW OF THE COMPLAINT

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim

on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 8(d)(1) of the Federal Rules of Civil Procedure provides that allegations in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal*, 556 U.S. at 678.

Motions to amend pleadings before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure, and Bernhardt may amend his complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). An amended complaint normally becomes the operative pleading and replaces an original complaint. *Brait Builders Corp. v. Massachusetts, Div. of*

*Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). The rules also allow the court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

In conducting this review, the court liberally construes the complaint because Bernhardt is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

DISCUSSION

Although Bernhardt is representing himself and the pleadings are understandable, they fail to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. The factual allegations are spread across several different pleadings and fail to provide factual detail. The allegations are conclusory, leaving unanswered what rights have allegedly been infringed, how and when they were infringed, and who infringed them.

In addition, this federal court may not interfere with ongoing state judicial proceedings that may implicate the *Younger* abstention doctrine.[1] The *Younger* doctrine extends to state civil proceedings that: (1) "are akin to criminal prosecutions"; (2) "implicate a State's interest in enforcing the orders and judgments of its courts"; (3) "civil enforcement proceedings"; and (4) "civil proceedings involving certain orders that are uniquely in

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

furtherance of the state courts ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). Plaintiff alleges that defendants are taking retaliatory actions concerning his probation based on his exercise of his First Amendment rights. However, the Commonwealth has an important interest in enforcing its laws, and if this federal court intervenes it would, in practical effect, enjoin the state matter. Thus, the matter at present fulfills all the requirements for *Younger* abstention. Moreover, Bernhardt has not demonstrated that any exception to the *Younger* doctrine applies. In particular, despite his conclusory allegations to the contrary, this court will not presume that the state court will refuse to safeguard his rights. *See Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982); *see also Burt v. Titlow*, 134 S.Ct. 10, 15 (2013) ("'[S]tate courts have the solemn responsibility equally with the federal courts to safeguard constitutional rights,' and this Court has refused to sanction any decision that would 'reflec[t] negatively upon [a] state courts ability to do so.'" (quoting *Trainor v. Hernandez*, 431 U.S. 434, 443 (1977))).

To the extent Bernhardt wishes to proceed, a second amended complaint must be filed. Plaintiff should set forth facts as to who did what to whom, when, where, and why. The case caption of any second amended complaint should clearly name each party he is intends to sue. *See* Fed. R.

Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section of any amended complaint, plaintiff should provide "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). If plaintiff fails to file a second amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

ORDER

For the foregoing reasons, it is hereby ordered that

1. Plaintiff's request for leave to proceed in forma pauperis ECF No. 3] is ALLOWED.

2. Plaintiff's Motion for Emergency Relief [ECF No. 4] is DENIED.

3. If Plaintiff wishes to proceed in this matter, he must file a second amended complaint setting forth a plausible claim upon which relief may be granted. Failure to comply with this directive within twenty-eight (28) days

of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE